IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00329-WJM-CBS

ERNEST L. WHITE,
LINDA A. ROBINSON,
DANA GRIBUS-BRUNDAGE,
MICHAEL A. RIVERA, and
MARK A. ZAMORA,
    Plaintiff,
v.

DONNELL BRITTON, and
BRITTON ENTERPRISES d/b/a DirectBuy,
    Defendants.

## ORDER

Magistrate Judge Craig B. Shaffer

    This matter comes before the court regarding the Order to Defendants to Show Cause dated May 7, 2012. (*See* Doc.# 13). Pursuant to the Order of Reference dated February 9, 2012 (Doc. # 4), this civil action was referred to the Magistrate Judge. The court has reviewed the entire case file and the applicable law and is sufficiently advised in the premises.

    By a Minute Order dated April 17, 2012, the court set a Scheduling Conference for May 7, 2012. (*See* Doc. # 9). The court held the Scheduling Conference on May 7, 2012. (*See* Courtroom Minutes/Minute Order (Doc. # 12)). Counsel for Plaintiffs appeared. Defendants did not appear in person or through counsel. The court set a further Scheduling Conference on May 17, 2012. (*See* Courtroom Minutes/Minute Order (Doc. # 12)). The court issued an "Order to Defendants to Show Cause" on May 7, 2012, directing

Defendants to "show cause in writing on or before May 17, 2012 why a default judgment or other sanctions should not be imposed against them for failure to comply with the court's orders, the Local Rules of Practice for the United States District Court for the District of Colorado, and the Federal Rules of Civil Procedure." (*See* Doc. # 13).  The court noted in the Order that pursuant to the Local Rules of Practice for the United States District Court for the District of Colorado,

> a corporation, partnership or other legal entity . . . cannot appear without counsel admitted to practice before this court, and absent prompt appearance of substitute counsel, pleadings, motions and other papers may be stricken, and default judgment or other sanctions may be imposed against the entity.

D.C.COLO.LCivR 83.3 D.  (*See* Doc. # 13).  *See also Amoco Production Co. v. Aspen Group*, 25 F. Supp. 2d 1162, 1166 (D. Colo. 1998) ("[C]orporations, partnerships, and unincorporated associations may appear in federal court only through a licensed attorney.").

After the hearing, Mr. Britton telephoned the court.  Chambers staff advised Mr. Britton that a further Scheduling Conference was set on May 17, 2012.  The court held the Scheduling Conference on May 17, 2012 at 11:30 a.m.  Mr. Britton appeared in his *pro se* capacity.  Counsel did not appear on behalf of the corporate Defendant, Britton Enterprises d/b/a DirectBuy.  The court warned Mr. Britton in person that the corporate Defendant cannot appear without counsel admitted to practice before this court and that absent appearance of counsel on behalf of the corporation on or before May 28, 2012, the court would recommend that default judgment be entered against the entity.  (*See* Doc. # 12). As of this date, counsel has not entered an appearance on behalf of the corporate Defendant, Britton Enterprises.

2

Defendant Britton Enterprises has failed to comply with the court's May 7, 2012 Order to retain counsel on or before May 28, 2012 and with the Local Rules of Practice for the United States District Court for the District of Colorado. Pursuant to D.C.COLO.LCivR 83.3 D., default judgment or other sanctions may be imposed against the corporation for failure to appear through counsel admitted to practice before this court. Even after default, however, "it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) (internal quotation marks and citation omitted).

The Complaint includes three claims for relief for: (1) violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, (2) violation of the Colorado Wage Claim Act, Colo. Rev. Stat. §§ 8-4-101, *et seq.*, and (3) breach of contract. (*See* Doc. # 1). The well-pleaded facts establish that Britton Enterprises is a Colorado corporation with its principal place of business in Colorado Springs, Colorado. Britton Enterprises is not an infant or incompetent person. The court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because the First Cause of Action arises under federal law and § 1367 based on supplemental jurisdiction over the Second and Third Causes of Action that arise under Colorado law. Any defense of improper venue has been waived for failure to raise it. *See Marquest Medical Products, Inc. v. EMDE Corporation*, 496 F. Supp. 1242, 1244-46 (D. Colo. 1980) (defendants, by their untimely objection to jurisdiction and venue and by their conduct, submitted to the resolution of the dispute by the court).

By and through its principal owner, Donnell Britton, Britton Enterprises was served with the summons and Complaint on February 21, 2012. (*See* Doc. # 6). Therefore, the court has personal jurisdiction over Britton Enterprises.

Accordingly, based upon the absence of counsel's appearance on behalf of Defendant Britton Enterprises, Britton Enterprises' failure to comply with the court's May 7, 2012 order and D.C.COLO.LCivR 83.3 D., the pleadings, and the record, IT IS ORDERED that:

1. The Clerk of the Court shall enter Defendant Britton Enterprises' default pursuant to Fed. R. Civ. P. 55(a).

2. If Plaintiffs seek a judgment of default, they shall, **on or before June 28, 2012**, apply to the court for a judgment of default and submit all appropriate evidence to establish the truth of their averments and the amount of damages. Failure to timely apply for default judgment may result in dismissal of their claims against Defendant Britton Enterprises without further notice for failure to prosecute.

DATED at Denver, Colorado, this 7th day of June, 2012.

BY THE COURT:

s/Craig B. Shaffer  
United States Magistrate Judge